## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAVONDA GRANT               )
       16651 West 139th Street, Apt. 100   )
       Olathe, Kansas 66062         )
                                  )    **Case No.:**
       **Plaintiff,**            )
                                  )
**v.**                                 )
                                  )
**WOMACK RESTAURANTS, INC.,**     )
**d/b/a POPEYES LOUISIANA KITCHEN** )
       **Serve Registered Agent:**    )
       **SPENSERV, Inc.**           )
       **9401 Indian Creek Parkway**   )
       **Overland Park, Kansas 66210**  )
                                  )
       **Defendant.**            )

## COMPLAINT

Plaintiff Lavonda Grant for her causes of action against Defendant Womack Restaurants, Inc. d/b/a Popeyes Louisiana Kitchen, ("Womack"), states and alleges as follows:

1.    Plaintiff is an adult female individual, a resident of the state of Kansas and her race is African American.

2.    Defendant Womack is a corporation organized under the laws of the state of Indiana registered to do business in the state of Kansas in good standing. Defendant conducts business in the state of Kansas and owns, operates and manages the Popeyes restaurant located at 15204 West 119th Street, Olathe, Kansas, where the alleged unlawful employment acts herein described occurred.  Defendant may be served by serving its registered agent as listed above.

3.    This case arises under the Civil Rights Act, 42 U.S.C. §1981 ("§1981") and Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq*., (Title VII).

4.    Plaintiff was subjected to race discrimination in violation of §1981 and Title VII,

1

42 U.S.C. § 2000e-2, and unlawful retaliation in violation of §1981 and Title VII, 42 U.S.C. § 2000e-3 by Defendant.

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

6.      Venue is proper within this district under 28 U.S.C. § 1391 in that the employment practices hereinafter alleged to be unlawful were committed in this judicial district.

7.      At all times relevant to this action, Defendant has employed fifteen or more employees and is therefore an employer within the meaning of §1981 and Title VII.

8.      At all times relevant, all of Defendant's employees were acting within the scope of their employment with Defendant in furtherance of its business.

9.      On February 1, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the unlawful employment practices complained of herein.

10.     Plaintiff received a Notice of Right to Sue, dated May 24, 2019, from the EEOC and this Complaint is filed within 90 days of receipt of that letter.

11.      Plaintiff was employed by Defendant as a cashier from approximately December 2018 until her employment was terminated on or about January 10, 2019.

12.     During her employment, Plaintiff satisfactorily met the legitimate job expectations of her employer.

13.     During her employment with Defendant, on approximately January 3, 2019, Plaintiff heard a co-worker named Hunter, use racially derogatory remarks about Plaintiff.  Hunter said F__ the n-word, throw their ass in jail, and called Plaintiff a black bitch.  Plaintiff was offended by these remarks and objected to them. Plaintiff reported these comments to the manager Carol that day.

14.     The next day, Plaintiff was asked by the manager Ben about the comments. Plaintiff reported the comments to Ben and he said he would talk to Hunter.

15.     Later, in reference to Plaintiff and another African-American female at the register, Hunter called Plaintiff "black girls."  Manager Ben heard this comment.  Plaintiff was offended by these comments and objected to them.

16.     On approximately January 9, 2019, Plaintiff was given permission to take the day off for personal reasons.

17.     Plaintiff was unsure of her schedule for January 10, 2019 and called the restaurant to ask about her schedule but never received a call back.

18.     Plaintiff called the restaurant on January 11, 2019 and was told she was terminated for a no-call/no-show the day before.

19.     The stated reasons for the termination of Plaintiff's employment were pretextual and not the true reasons for Plaintiff's termination.

## COUNT I – VIOLATION OF 42 U.S.C. §1981

20.     Plaintiff incorporates preceding paragraphs as if fully set forth herein.

21.     Plaintiff is African-American and is therefore in a protected class of persons pursuant to §1981.

22.     During the course of Plaintiff's employment, Defendant's representatives, acting within the scope and course of employment, engaged in intentional racial discrimination and racial harassment against Plaintiff and denied Plaintiff the benefits of her contractual relationship on the basis of her race.

23.     The racial discrimination and harassment described herein was severe, pervasive, unwelcome, and affected the terms, conditions, and privileges of Plaintiff's employment and

constituted an unreasonable interference with Plaintiff's work performance and created an abusive work environment.

24.     The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

25.     Defendant's employees knew, or should have known, of the racial discrimination described herein, but failed to take appropriate remedial action to prevent the discrimination or to stop the unlawful conduct.

26.     Plaintiff took reasonable steps to end the discrimination and harassment by objecting to the discrimination and by reporting to management employees about the discrimination.

27.     By failing to conduct a proper investigation of Plaintiff's allegations and by failing to properly remedy the racial discrimination, Defendant condoned and/or tolerated the creation of a racially hostile work environment.

28.     As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

29.     Defendant, through its employees, engaged in these discriminatory practices with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, for costs incurred herein, for attorneys' fees, and for such other relief as the court deems just and proper.

## COUNT II – VIOLATION OF 42 U.S.C. §1981 – RETALIATION

30.     Plaintiff incorporates preceding paragraphs as if fully set forth herein.

31.     Plaintiff's complaints concerning the racial discrimination and harassment she was subjected to constituted protected activity.

32.     By reason of Plaintiff's complaints, Defendants denied Plaintiff the benefits of her contractual relationship as Defendant retaliated against Plaintiff by terminating her employment.

33.     As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

34.     Defendant's retaliation against Plaintiff was committed with reckless disregard of her federally protected rights.  Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, for costs incurred herein, for attorneys' fees, and for such other relief as the court deems just and proper.

## COUNT III – TITLE VII - RACE DISCRIMINATION

35.     Plaintiff incorporates preceding paragraphs as if fully set forth herein.

36.     Plaintiff is African-American and is therefore in a protected class of persons pursuant to Title VII.

37.     During the course of Plaintiff's employment, Defendant's representatives, acting within the scope and course of employment, engaged in intentional racial discrimination and racial harassment against Plaintiff.

5

38.     The racial discrimination and harassment described herein was severe, pervasive, unwelcome, and affected the terms, conditions, and privileges of Plaintiff's employment and constituted an unreasonable interference with Plaintiff's work performance and created an abusive work environment.

39.     The conduct as described herein would have offended a reasonable person of the same race in Plaintiff's position.

40.     Defendant's employees knew, or should have known, of the racial discrimination described herein, but failed to take appropriate remedial action to prevent the discrimination or to stop the unlawful conduct.

41.     Plaintiff took reasonable steps to end the discrimination and harassment by objecting to the discrimination and by reporting to management employees about the discrimination.

42.     By failing to conduct a proper investigation of Plaintiff's allegations and by failing to properly remedy the racial discrimination, Defendant condoned and/or tolerated the creation of a racially hostile work environment.

43.     As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

44.     Defendant, through its employees, engaged in these discriminatory practices with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, for costs incurred herein, for attorneys' fees, and for such other relief as the court deems just and proper.

## COUNT IV – TITLE VII - RETALIATION

45. Plaintiff incorporates preceding paragraphs as if fully set forth herein.

46. Plaintiff's complaints concerning the racial discrimination and harassment she was subjected to constituted protected activity.

47. By reason of Plaintiff's complaints, Defendant retaliated against Plaintiff by terminating her employment.

48. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

49. Defendant's retaliation against Plaintiff was committed with reckless disregard of her federally protected rights.  Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant and to deter it and other companies from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, for costs incurred herein, for attorneys' fees, and for such other relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable herein.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas, as the place of trial.

**THORNBERRY BROWN, LLC**

By:    /s/     Randall W. Brown
           Randall W. Brown     KS #17905
           R*andy@ThornberryBrown.com*
           Stephen C. Thornberry    KS #17494
           *Steve@ThornberryBrown.com*
           4550 Main Street, Suite 205
           Kansas City, Missouri 64111
           (816) 531-8383 *telephone*
           (816) 531-8385 *facsimile*
           ATTORNEYS FOR PLAINTIFF